# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISCTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWLESS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, individually and by and through its agents, officers and/or employees; UNITED STATES HEALTH RESOURCES AND SERVICES ADMINISTRATION, individually and by and through its agents, officers and/or employees; BUKIE AKINPELU, M.D., individually and as an agent, office and/or employee of Syracuse Community Health Center, Inc., d/b/a Lafayette Family Health Center; JANICE AUNGIER, LPN, individually and as an agent, office and/or employee of Syracuse Community Health Center, Inc., d/b/a Lafayette Family Health Center; and SYRACUSE COMMUNITY HEALTH CENTER, INC., D/B/A LAFAYETTE FAMILY HEALTH CENTER, , individually and by and through its agents, officers and/or employees. <br><br> Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Civil No.:   5:15-CV-165 (DNH/DEP) |

## COMPLAINT

Plaintiff, Richard Lawless ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendants, UNITED STATES OF AMERICA, United States Department of Health and Human Services, United States Health Resources and Services Administration, Bukie Akinpelu, M.D., and Syracuse Community Health Center, Inc., d/b/a Lafayette Family Health Center.

## INTRODUCTION

1. This is an action brought on behalf of the Plaintiff Richard Lawless, who was seriously and permanently injured as a result of the negligence, carelessness, and recklessness of the Syracuse Community Health Center, Lafayette Family Health Center, it's agents, officers, employees, when the Plaintiff sought medical care and treatment from that facility from October 18, 2013 through October 31, 2013. The medical malpractice alleged in this action relates to the medical care and treatment by and on behalf of the Defendant Lafayette Family Health Center, and its agents, officers and/or employees, particularly Bukie Akinpelu, MD, and/or Janice Aungier, LPN that occurred starting on October 18, 2013 and continued through and including October 31, 2013, when the Plaintiff, Richard Lawless suffered severe and permanent injuries to both of his lower extremities, all as a result of the negligent acts and/or omissions of the Defendants.

2. Plaintiff now brings this action as against the UNITED STATES OF AMERICA and others under the Federal Tort Claim Act as against the named Defendants for money damages and losses sustained by the Plaintiff as a result of such Medical negligence and medical malpractice.

## PARTIES

3. At all times referenced herein, Plaintiff, Richard Lawless, was an adult resident and citizen of the Town of Lafayette, County of Onondaga and State of New York.

4. Upon information and belief, the defendants are as follows: UNITED STATES OF AMERICA, and United States Department of Health and Human Services, 330 C Street, SW, Switzer Building, Suite 2600, Washington, DC 20201; United States Health Resources and Services Administration, 5600 Fishers Lane, Rockville, Maryland 20857; Bukie Akinpelu, M.D., 2561 Route 11, Lafayette, New York 13084; Janice Aungier, LPN, 2561 Route 11, Lafayette, New York 13084;

and the Syracuse Community Health Center, Inc., d/b/a Lafayette Family Health Center, 2561 Route 11, Lafayette, New York 13084.

5. Upon information and belief, Defendant United States Department of Health and Human Services, is a Federal entity with offices located at 330C Street, SW, Switzer Building, Suite 2600, Washington, D.C. with a medical facility located and operated at 2561 Route 11, Lafayette, New York.

6. Upon information and belief, and at all times relevant to this action, the defendant, United States Health Resources and Services Administration is a Federal entity with offices located at 5600 Fishers Lane, Rockville, Maryland 20857.

7. Upon information and belief, and at all times relevant to this action, the defendant, Syracuse Community Health Center, Inc., d/b/a Lafayette Family Health Center, operates a medical office and Family Clinic located at 2561 Route 11, Lafayette, New York 13084 and receives and has received funding through the Health Center Program (HCP) sponsored and operated by the United States Department of Health and Human Services (HHS), Health Resources and Service Administration (HRSA).

8. Upon information and belief, the Syracuse Community Health Center, Inc. d/b/a/ Lafayette Family Health Center, and its agents officers and employees, and Bukie Akinpelu, MD, and Janice Aungier, LPN, are all duly licensed to medical care providers in the State of New York and are supported in that practice by virtue of funding received from the United States of America and Department of Health and Human Services (HHS).

9. Upon information and belief, the Defendant Janice Aungier, LPN is an agent, officer or employee of the Syracuse Community Health Center, Inc. and practiced at the Lafayette Family Health Center, and at all times hereinafter mentioned, worked within the scope of her employment with the

Lafayette Family Health Center, in providing care and treatment to Richard Lawless as a licensed practical nurse.

10. Upon information and belief, the defendant, Bukie Akinpelu, M.D. is a medical doctor licensed in the State of New York and practices her specialty at the Lafayette Family Health Center.

11. Upon information and belief, each of the defendants herein named, were agents, officers and/or employees of the Syracuse Community Health Center, Inc., and the Lafayette Family Health Center, and each were sponsored and received funding from the United States Department of Health and Human Services, Health Center Program, or were agents officers or employees of a Medical Facility that did receive such funding.

12. At all times hereinafter mentioned, the said Defendants, and each of them, were acting within the scope of their employment with the Lafayette Family Health Clinic, ,and were so acting with the full knowledge and consent of each other, and/ or otherwise were employees, board members, employees, contractors, and/or others considered employees pursuant to Section 330 *et. seq.* of the Public Health Service Act (Pub. L. No. 102-501, 106 Stat. 3268; made permanent by Pub. L. No. 104-73, 109 Stat. 777, and codified as 42 USC 233(g) – (n).

## JURISDICTION AND VENUE

13. This Court has jurisdiction of this claim and action by virtue of the Federal Tort Claims Act 28 U.S.C. §1346(b), et seq., and 28 U.S.C. §2671, et seq. Pursuant to 28 U.S.C. §1402(b). Jurisdiction is further conferred pursuant to 42 USC 233 (g)-(n), and pursuant to the Public Service Acts of 1992 and 1995.

14. Venue in this matter is properly set in the United States District Court for the Northern District of New York, as that is the district within which the Plaintiff resides, the District within which the Defendants' actions which form the basis of this claim took place, and where acts, omissions, or other events which give rise to the Plaintiff's claim occurred. Additionally, the Defendants Health

Centers, both main office and the Lafayette Family Health Center are both located within the Northern District of New York.

15. All of the injuries and complications suffered by Plaintiff that are alleged to have been caused by the negligence and medical malpractice of the defendants' herein required medical care and treatment, and said treatment has occurred within the Northern District of New York.

## ADMINISTRATIVE CLAIMS

16. Pursuant to 28 USC Sect. 2401(b), Plaintiff has duly and timely filed Administrative Tort Claims (Claim Form #95) in the standard form as prescribed by the Department of Justice for the events and incidents described throughout this complaint. The aforesaid Administrative Claims and backup material was dated June 3, 2014, were filed and served upon the Office of the General Counsel of the Office of the United States Department of Health and Human Services, and the United States Department of Resources and Administration and Syracuse Community Health center, Inc. on or before June 13, 2014. (A copy of the Claim is attached hereto as Exhibit "1" excluding the voluminous exhibits which are medical records). (Copies of the proofs of service are attached hereto and marked collectively as Exhibit "2").

17. By letter dated June 13, 2014, the Department of Health and Human Services, acknowledged receipt of plaintiff's claim and the United States Department of Health and Human Services advised that they were performing a medical review by an appropriate specialist and would notify in writing once the review process had been completed. (A copy of that letter is attached hereto and marked as Exhibit "3".)

18. Since that time there has been no communication with the Government or their Counsel that they have accepted the claim, or that they are otherwise prepared to resolve the claim before suit. Plaintiff's counsel has heard nothing at all from the defendants, the United States of America, the United

States Department of Health and Human Services, or United States Health Resources and Services Administration. The six month waiting period provided by the FTCA, has expired and plaintiff is now filing suit in the appropriate United States District Court (45 C.F.R. Section 35.2(b) and 28 U.S.C. Section 2675(a)).

## FACTUAL ALLEGATIONS AND BACKGROUND

19.  Upon information and belief, and on or about October 18, 2013 Plaintiff presented to Syracuse Community Health Center, Inc., doing business as Lafayette Family Health Center (hereinafter "Lafayette Family Health"), 2561 Route 11, Lafayette, New York, with complaints of shortness of breath, wheezing, respiratory discomfort, chronic bronchitis, and reduced lung function.

20.  Upon information and belief, Lafayette Family Health is a grantee of the United States Department of Health and Human Services' Health Resources and Services Administration's Health Center Program, and as such, has received funding from the Federal Government pursuant to the terms of the Public Health Service Act, and has been deemed as a "federally qualified health center "(FQHC) for purposes of that Act.

21.  At that visit, the plaintiff was examined by and received medical treatment from Janice Aungier, LPN, and Bukie Akinpelu, MD. Following Dr. Akinpelu's examination, Plaintiff was prescribed Medrol Dosepak (Methylprenisolone) and Levaquin (Levofloxacin) 750 mg. He immediately filled the prescriptions and began to take the medications as prescribed that same day.

22.  On or about the evening of October 23, 2013, Plaintiff's ankles, both right and left, began to swell, and the area at the rear of his foot in each ankle began to ache, throb, and become painful. This pain and swelling continued through the next couple of days.

23. On or about October 25, 2013, he presented again to the Lafayette Family Health with complaints of respiratory discomfort and shortness of breath, and at the same visit complained that he continued to have swelling in his ankles and the pain and throbbing at the rear of his ankle in the area of the Achilles tendons. Ms. Aungier noted in his medical chart that there was a new onset of symptoms – "bilateral ankle/feet swollen", and some ankle edema; however she did not address the Plaintiff's concerns, and neither did any of the physicians or other medical providers at the Lafayette Family Health Center or the Syracuse Community Health Center.

24. On or about October 29, 2013, Plaintiff went to the Emergency Department at Upstate University Hospital at Community General with complaints of severe rear ankle pain and pain in and about the area of the Achilles tendon in both legs. He was examined by Patrick R. Adcock, MD, and was given a provisional diagnosis of Fluoroquinolone tendonitis – an adverse reaction to the prescription drug Levaquin. He was directed to follow up with his primary care physician, Bukie Akinpelu, MD, which he did the following day.

25. On or about October 30, 2013, Plaintiff again presented to Lafayette Family Health Center, making specific complaints of ongoing bilateral ankle swelling, rear ankle and Achilles tendon pain and difficulty ambulating. The plaintiff, during his office visit of October 30, 2013, reported to Janice Aungier, LPN, the history of being at the emergency room the day before, and the diagnosis of Patrick R. Adcock, MD, from the night before. The Plaintiff also, at that time, showed the package insert and other "research information" that he had done concerning the pain, and told the care providers at the Health Center about his own findings based on research he had done on the prescription drugs Levaquin and Medrol Dosepak. At that time, the plaintiff expressed his concerns that his swollen ankles and bilateral tendon pain were causally related to said prescription drugs. Ms. Aungier immediately and blatantly dismissed his concerns. The Plaintiff asked to be seen by Dr. Akinpelu.

26. On October 30, 2013, Dr. Akinpelu refused to examine the Plaintiff, but did tell him that there was absolutely nothing wrong with his ankles, and that "a rupture could never happen from that medication or the mix of medications"; She further told him that "… the pain he was experiencing was most likely gout; and that as people age, they get swelling from time to time." The care providers at that time completely dismissed the complaints of Mr. Lawless, assured him there was nothing wrong with his ankles or Achilles tendon, told him to conduct normal daily activities with no restrictions, and abruptly ended the visit, very openly bothered by his persistent questioning concerning the pain and dysfunction he was experiencing. The Plaintiff was given Ace bandages, told to wrap his own ankles should he feel the need, and told that his "appointment [was] finished."

27. On or about October 31, 2013, while Plaintiff was reaching to get glassware off a shelf in his home, he felt bilateral "pops" in his ankles as his Achilles tendons ruptured. He was taken by ambulance to St. Joseph's Hospital Health Center where he was examined, diagnosed and treated for bilateral Achilles tendon ruptures. It has been determined that the Achilles tendon ruptures were as a result of the Levoquin, especially when mixed with the steroids, and that the rupture of Achilles tendons was well known in the medical community.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, PLAINTIFF HEREBY ALLEGES AS FOLLOWS:

28. Repeats and realleges the allegations set forth in paragraphs "1" through "27" as if fully set forth herein at length.

29. Upon information and belief, Plaintiff's bi-lateral rupture of his Achilles tendons and the other injuries he has sustained as a result thereof, were directly and proximately caused by the carelessness, recklessness and negligence of the Defendants in that said Defendants held themselves out to be skilled and knowledgeable in the care and treatment of the Plaintiff as he then and there presented;

said Defendants failed to exercise the degree of skill and treatment of Plaintiff as would be in accordance with the standards of practice among members of the medical profession in general; failed to properly examine and treat the Plaintiff; failed to exercise reasonable care and diligence in the application of their knowledge, skill and ability in the care and treatment of Plaintiff; failed to exercise the best judgment in the care and treatment of Plaintiff; failed to keep abreast of the literature on prescription drugs, in particular Levaquin and other Levofloxacin medications; failed to heed the "black box" warnings mandated by the United States Food and Drug Administration to accompany Levaquin and other Levofloxacin drugs; failed to appreciate the signs and symptoms of an adverse reaction to Levaquin that Plaintiff was experiencing and provide appropriate care; failed to properly monitor Plaintiff for an adverse reaction to Levaquin; failed to properly diagnose and treat Plaintiff's Fluoroquinolone tendonitis; failed to recognize that they were not skilled and knowledgeable to the degree required to properly care for and treat the Plaintiff's Fluoroquinolone tendonitis and refer him to an orthopedic specialist; failed to properly respond to Plaintiff's complaints of Achilles tendon pain and deteriorating condition and effectively provide proper follow-up care; failed to properly care and treat Plaintiff; failed to properly assess Plaintiff's condition and to take the appropriate steps to prevent Plaintiff's injury in the first place; failed to properly manage the treatment of Plaintiff; ignored the diagnosis of other physicians who had examined the Plaintiff, in particular, the diagnosis of Fluoroquinolone tendonitis; Defendant, Bukie Akinpelu, MD, failed to properly supervise those working under her supervision, in particular, employee, Janice Aungier, LPN; Janice Aungier, LPN, failed to properly report to and consult with her supervisors, in particular, Bukie Akinpelu, MD; and said Defendants were otherwise negligent, careless and reckless with regard to the care and treatment of the Plaintiff, all to his detriment; failed to make him a non-weight bearing patient, or otherwise suggest to him that he do no weight bearing on his lower extremities; failed to discontinue the medication upon the

first evidence of bilateral swelling and pain; failed to know and understand the nature of the medications they were prescribing to the Plaintiff at the aforesaid time and place; failed to understand and appreciate that the Levoquin medication has certain qualities that, when used either by itself, or in conjunction with steroids, such as here, can cause severe and permanent injury to the Achilles tendons and other tendons of the body; failed to heed the information and history that was given to them at the time of treatment; treated the Plaintiff with indifference and arrogance and a know it all attitude, given his condition and complaints as he expressed them to the care providers at the aforesaid time and place; failed to immediately put the Plaintiff on bed rest, admit him to the hospital, call an emergency ambulance, or rescue squad, or otherwise be sure that he did no weight bearing until the effects of the Levoquin and/or Levoquin steroid mix wore off and it was safe to ambulate again; failed to get such experts in the field involved in his care and treatment so that he could be properly treated and care for; failed to keep abreast of the medical literature, and the recent and ongoing studies and concerns dealing with the use of Levoquin, especially when mixed with steroids; failed to read, understand and/or recognize the risks of the medications that Dr. Akinpelu prescribed to the plaintiff as said risks were set out in the black box warnings on the package insert for the script Levoquin; failed to understand the need to know and appreciate the risks of the medication Levoquin, and act accordingly; and said defendants, and each of them, were negligent, careless, and reckless with regard to the care and treatment of the Plaintiff herein.

30. As a direct and proximate result of the negligence, careless, recklessness, and as a result of the apparent willful, wanton, and reckless disregard of the rights of the Plaintiff by the defendants, the United States Department of Health and Human Services, United States Health Resources and Services Administration, Syracuse Community Health Center, Inc. d/b/a Lafayette Family Health Center, and Bukie Akinpelu, M.D., and Janice Aungier, LPN, the Plaintiff, Richard Lawless, was caused to sustain serious and permanent disabling and painful injuries, including bilateral Achilles

tendon ruptures, pain, suffering, loss of enjoyment of life, loss of range of motion of his feet and ankles, and mental anguish, significant pain, suffering, loss of enjoyment of life, and has otherwise been caused to be casted, bed ridden for an extensive period of time, and has otherwise sustained painful and permanent injuries to his Achilles tendons and lower extremities, causing him to be less active, and permanently disabled to the extent of such pain and ongoing injuries. and future experience such losses and damages.

31. As a direct and proximate result of the aforesaid, Plaintiff hereby seeks damages in the amount of $2,500,000.00 (TWO MILLION FIVE HUNDRED THOUSAND DOLLARS) for such injuries, including those set forth above in addition to his pain, suffering, mental anguish, and such other injuries he incurred as a result of the negligence of the agents, officers, and/or employees of the defendants. Upon information and belief, all of the injuries and disabilities sustained by the plaintiff as set forth above are permanent in nature, and affect his functions of daily life, and further affect all activities of his daily life.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, PLAINTIFF HEREBY ALLEGES AS FOLLOWS:

32. Repeats and realleges the allegations set forth in paragraphs "1" through "31" as if fully set forth herein at length.

33. Upon the prescription of a medication or medications, the defendants had an obligation to give to the plaintiff a full, fair and complete Informed Consent with regard to the medicals being used, including a complete description of the risks, benefits, alternatives and dangers of the prescribed medications.

34. Upon information and belief the defendants herein failed to give to the plaintiff an Informed Consent in the form and manner as required by the Public Health Law of the State of New

York or otherwise advise the plaintiff of the risks and possible complications of taking Levoquin and Medrol.

35. Upon information and belief, if the defendants had told the plaintiff of the risks of the medications, plaintiff and any reasonable person would have stopped the medication, asked for another, and would have refrained from weight bearing. Because of the assurances from his care providers, plaintiff was unable to take the aforesaid actions, and was otherwise misled into thinking he could continue the medicine and continue normal activities.

36. As a result of the failure of defendants to give such an Informed Consent, the plaintiff has been damaged in the amount of $2,500,000.00 (TWO MILLION FIVE HUNDRED THOUSAND DOLLARS) for such injuries, including those set forth above in addition to his pain, suffering, mental anguish, and such other injuries he incurred as a result of the negligence of the agents, officers, and/or employees of the defendants. Upon information and belief, all of the injuries and disabilities sustained by the plaintiff as set forth above are permanent in nature, and affect his functions of daily life, and further affect all activities of his daily life.

**WHEREFORE,** Plaintiff hereby demands judgment as against the Defendants named in this action, and each of them jointly, severally and individually, in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), in additional to such fair and reasonable amount as may be awarded by the Court and/or a jury of his peers for the negligence, physical injuries, emotional distress, economic losses, past and future medical expenses and past and future pain and suffering, loss of enjoyment of life and all other injuries and losses as set forth above, together with such other and further relief as to the Court may seem just and proper, together with interest from the date of events alleged

herein, attorneys fees, and costs and disbursements incurred in the prosecution of this action, and all other such damages in the fair and reasonable amount of Two million, five hundred thousand ($2,500,000.00) Dollars.

CHERUNDOLO LAW FIRM, PLLC

By: _____
John C. Cherundolo, Esq.
Bar Roll No. 101339

*Attorneys for Plaintiff*
Office and Post Office Address
AXA Tower I, 17th Floor, Suite 1710
100 Madison Street
Syracuse, New York 13202-2078
Telephone (315) 449-9500

**FAX SERVICE NOT ACCEPTED**